UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

MARCUS J. LAWRENCE                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 1:14CV-P79-R

JACKIE T. STRODE *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Marcus J. Lawrence filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Subsequent to filing the complaint, Plaintiff filed an amended complaint (DN 9), which the Court will construe as a motion to amend the complaint. **IT IS ORDERED** that the motion to amend (DN 9) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). Upon review of the complaint and amendment, the Court will dismiss the action.

**I. SUMMARY OF ALLEGATIONS**

      Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He sues Defendants Warren County Regional Jail (WCRJ) Jailer Jackie T. Strode; and the following employees of WCRJ: Captain Tim Wilson, Sergeant Johnathan Renfro, Deputy Chad Whittaker, Deputy Sandra Smallwood, Deputy Dillan, Deputy Henderson, Chief Deputy Captain Missy Causey, and Chief Deputy Captain Jeff Robinson. He sues each Defendant in his or her individual and official capacity.

      Plaintiff states that on July 8, 2011, at 2:30 a.m. he was "lynched (without due process) with 5 Taser International Product devices while fully handcuffed and subdued. These devices were used a total of 11 cycles as application to cause physical and emotional pain and suffering." He further maintains, "This Calculated procedure of Human Torture was done directly in front of

a recording surveillance video camera that was mounted on the wall in the WARREN COUNTY REGIONAL JAIL'S INTAKE/BOOKING/PROCESSING AREA."

Plaintiff maintains that Defendant Strode "is directly responsible for the preservation of the video tape and the conduct of all listed defendants." He states that the tasers "were used to torment, to inflict pain, torture and punishment that DID cause a 3 day Hospitalization . . . ." He states that Defendants Wilson, Renfro, and Henderson used their taser devices.

Plaintiff contends that Defendant Whittaker "DID NOT use his device 7 times against [Plaintiff] directly in front of these recording cameras. Chad Whittaker was not even present during this assault and has been paid to testify to events that he was not involved in." Plaintiff states that Defendant Whittaker committed perjury and should be arrested for the destruction of the video. He maintains that Defendant Whittaker has testified on two separate occasions to two different stories. Plaintiff similarly states that Defendant Smallwood "was not a witness and was NOT present during this video recorded event period." He states that Defendant Smallwood "has been PAID BENEFITS to testify to events that never happened."

Plaintiff contends that Defendant Dillan withheld his identity and participated in the incident. He maintains that Dillan used a "point dive stun gun against the back of the head or the leg of Marcus J. as a fact. The Commonwealth has purposely made sure he has not appeared in ANY Hearing period." Plaintiff states that Defendant Dillan "assisted this excessive force, torture, assault, battery and HATE CRIME that was by fact committed the instance this recorded events video tape was purposely DESTROYED when every officer was of the white race."

Plaintiff states that Defendant Henderson also "used his point dive stun gun against Marcus J. directly in front of these cameras." He states that Defendant Henderson never came to any court hearings and was directly responsible for the video tape.

Plaintiff alleges that non-Defendant Officer Blake Alan Wilson was the arresting officer and was also involved in the alleged excessive force incident. He states that non-Defendant Officer Ryan Burman is a witness to Plaintiff's hospitalization and knows the facts of the events.

Plaintiff states that on December 10, 2013, and February 5, 2014, non-Defendant "Lamont Buford and 5 of white sheriff buddys were paid to use dangerous excessive force against Marcus J. during Court." He states that the officers attempted to break his arms and pointed tasers at him. He states that when he was in the court elevator five officers held a pointed a gun at his head while he was handcuffed and shackled. He states, "Officers were paid to find any excuse to use deadly force. This was a murder attempted that didn't go as . . . planned[.]" Plaintiff maintains that seven listed non-Defendants, including Steven Alan Wilson, the state court judge in his criminal case, planned the "murder" attempt. Plaintiff goes on to make allegations that these non-Defendants entered a "fraudulent indictment" and planted evidence stemming from the 2011 arrest. He states that non-Defendant Steven Alan Wilson and other non-Defendants have paid witnesses to testify and have committed perjury. He alleges a number of violations of criminal law.

In the amended complaint, Plaintiff states, "THIS IS A CIVIL RIGHTS ACTION AND HABEAS CORPUS RELIEF PETITION." He states that Defendant Causey committed perjury in two court hearings because she testified under a false name, Misty Edmonds, and that she "was not present during any event and is NOT a witness to any facts . . . ." He takes issue with Defendant Causey's testimony concerning the destruction of the video tape of the alleged excessive force incident. He maintains that she "has been paid large sums of money to participate fraudulently as a witness for THE WARREN COUNTY REGIONAL JAIL . . . ." He states that Defendant Causey violated federal laws, including obstruction of justice.

Plaintiff maintains that Defendant Robinson "is responsible for fraudulently trying to answer a grievance that was filed directly to his boss against his boss." He states, "These courts purposely has worked in conspiracy to the covering up of this event to the degree the prosecution was not never going to mention that 5 white police officers employed by the BOWLING GREEN POLICE DEPARTMENT conducted this illegal traffic stop were paid money to video record all the events that lead up to this traffic violation investigation." He goes on to allege a conspiracy among the prosecutor, the police and sheriff's departments, WCRJ, and the Warren County Circuit and District Courts to commit "multiple FEDERAL VIOLATIONS and OFFENSES willfully, purposely with motive and intent as public service peace officer and court trustee officials that does render every person involved liable to indictment in a UNITED STATES FEDERAL COURT without prejudice." He argues that the statute of limitations on his 42 U.S.C. § 1983 claim should start to run on December 10, 2013, the date of his trial. He states, "All 'persons' involved in this terrorist attack must be arrested today without delay if Jackie T. Strode does not have the recorded video tape for tyranny and treason against America and the UNITED STATES for purposely enforcing fraud and corruption." He further states, "I Marcus J. am INNOCENT due to the fact probable and reasonable cause can never be supported if the alleged traffic violation has been arbitrarily destroyed illegally that show and proves the violation never happened."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "immediate relief from todays illegal detention and imprisonment." He also requests the Court to "Grant the WRIT OF HABEAS CORPUS under Title 28 U.S.C. § 2254 with expungement of all records."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III. ANALYSIS

**A.      42 U.S.C. § 1983 claims**

    **1.      Individual-capacity claims**

        **a.      Claim for release and habeas corpus relief**

Plaintiff demands release from "illegal detention" and seeks a writ of habeas corpus. However, Plaintiff cannot seek release or habeas corpus relief through this 42 U.S.C. § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Barnes v. Lewis*, No. 93-5698, 1993 U.S. App. LEXIS 32652, at *3 (6th Cir. Dec. 10, 1993) (concluding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges the fact or duration of confinement). Because Plaintiff cannot seek release through this § 1983 action, his claims for release and habeas corpus relief will be dismissed for failure to state a claim upon which relief may be granted.

        **b.      Claim for monetary damages for alleged unlawful conviction**

Plaintiff makes a number of claims concerning the state court criminal proceedings against him, including that Defendants planted evidence against him and paid witnesses to perjure themselves, which resulted in his unlawful conviction. However, Plaintiff's claims for monetary and punitive damages for his allegations of an unlawful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a

6

§ 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Therefore, any claim for monetary or punitive damages in connection with Plaintiff's conviction is dismissed for failure to state a claim.

          c.         **Claims concerning loss or destruction of videotape**

Plaintiff claims that Defendants were responsible for the loss or destruction of a surveillance videotape that would have proven his innocence for the charges for which he was convicted. In a recent case out of the U.S. District Court for the Southern District of Ohio, Plaintiffs similarly brought a § 1983 claim based on the defendants' alleged constitutional violation stemming from their failure to preserve a surveillance videotape that the plaintiffs contended was "materially exculpatory or potentially useful to [their] defense." That court found that "[c]ourts consistently have recognized that a Section 1983 claim based upon the failure to preserve potentially exculpatory evidence necessarily implies the invalidity of the underlying conviction," *Allen v. Clark*, No. 1:13cv326, 2014 U.S. Dist. LEXIS 90807, at *20 (S.D. Ohio July 3, 2014), and is therefore barred by the *Heck* doctrine. *Id.* at *20-21 (citing *Heck*, 512 U.S. at 489-90 (holding that prisoner's Section 1983 claim that the defendants, among other things,

knowingly destroyed exculpatory evidence was not cognizable unless or until the conviction was invalidated); *Gravely v. Speranza*, 219 F. App'x 213, 215 (2d Cir. 2007) ("We agree . . . that [the] claim of failure to preserve evidence is barred by *Heck* . . ., as a judgment in his favor would necessarily imply the invalidity of his conviction for crimes committed during the events described above."); *Ickes v. Patterson*, No. 3:12-cv-1087, 2014 U.S. Dist. LEXIS 29714, at *9 (S.D. Ill. Feb. 5, 2014) (finding that plaintiff's argument that defendants failed to preserve a videotape showing plaintiff was jumped and acted in self-defense would necessarily imply that his conviction was wrongful and thus was barred by *Heck*); *Bodle v. Linhardt*, No. 4:12-cv-03425, 2013 U.S. Dist. LEXIS 81421, at *18-19 (M.D. Pa. Apr. 8, 2013) (holding that claims based upon failure to preserve exculpatory evidence demonstrated the invalidity of the conviction and were barred by the favorable-termination rule of *Heck*); *James v. Atlantic City Police Dep't*, No. 05-3616, 2006 U.S. Dist. LEXIS 9453, at *2, *12-13 (D.N.J. Feb. 21, 2006)).

Because Plaintiff's claims concerning the loss or destruction of the surveillance tape is barred by *Heck*, those claims will be dismissed for failure to state a claim upon which relief may be granted.

### d. Excessive force claims

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations

accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *see also Hodge v. City of Elyria*, 126 F. App'x 222, 222-23 (6th Cir. 2005) ("[W]e hold that the statute of limitations on Appellant's § 1983 claim began to run at the time of his arrest, when he alleges the excessive force was used against him."). Plaintiff states that the date of his arrest was July 8, 2011, almost three years before he filed this lawsuit on June 16, 2014.[1] Therefore, his excessive force claim is barred by the statute of limitations and will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding "that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration . . . inasmuch as any such claim is barred by the applicable statute of limitations.").

      e.      **Claims concerning Defendants' actions as witnesses**

Plaintiff alleges that Defendants perjured themselves at his criminal trial. However, witnesses are entitled to absolute immunity for their testimony in judicial proceedings. *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)). The fact that Defendants are law enforcement officers does not negate the testimonial immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 328 (1983) (finding that "all witnesses-police officers as well as lay

---

[1] Under the "prison mailbox rule," "a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the original complaint was delivered to the prisoner mail system for mailing on June 16, 2014.

9

witness-are absolutely immune from civil liability based on their trial testimony in judicial proceedings."). Moreover, a witness is entitled to testimonial immunity "no matter how egregious or perjurious that testimony was alleged to have been." *Spurlock v. Satterfield*, 167 F.3d at 1001. Therefore, Plaintiff's claims against Defendants based on their testimony in his criminal trial will be dismissed for failure to state a claim upon which relief may be granted.

    **f.**  **Claims of violations of criminal law**

Plaintiff states that Defendants should be arrested on a number of criminal charges, including destruction of the surveillance video, perjury, treason, tyranny, fraud, and corruption. However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Moreover, to the extent Plaintiff seeks civil remedies under any criminal statute, he has not cited any such statute which gives rise to a private civil cause of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp. 2d 707, 717 (E.D. Mich. 2000). Accordingly, Plaintiff's claim alleging various violations of criminal law by Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### g. Grievance claim

The only allegation Plaintiff makes specifically about Defendant Robinson is that he "is responsible for fraudulently trying to answer a grievance that was filed directly to his boss against his boss." However, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.* For these reasons, Plaintiff's § 1983 claim against Defendant Robinson based on the denial of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### h. Conspiracy

Plaintiff alleges a broad conspiracy between WCRJ officers, Bowling Green Police Department officers, the Warren County Sheriff's Office, and the prosecutors and judge in his state court criminal case to unlawfully convict him and attempt to murder him. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). To establish a civil conspiracy claim, a plaintiff must show that (1) a "single plan" existed, (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights, and (3) an "overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiffs. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2011). Underlying those requirements is the requirement that the plaintiff plausibly allege that a right secured by the Constitution or federal statute has been violated. *Trans Rail Am.*, 478 F. App'x at 988. Accordingly, "pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Plaintiff has failed to satisfy the pleading requirements for a conspiracy claim. "Being involved in some aspects of a case that results in a conviction does not, however, automatically demonstrate that the parties had a mutual agreement, shared plan or engaged in any joint action." *Allen v. Clark*, 2014 U.S. Dist. LEXIS 90807, at *26. Nowhere in Plaintiff's complaint or amendment does he plead the "specifics" of any alleged conspiracy such as "when, where, or

how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). Plaintiff's allegations are simply conclusory allegations of a conspiracy that do not survive initial review. Therefore, Plaintiff's conspiracy claims will be dismissed for failure to state a claim.

### i. Claims concerning actions of non-Defendants

Plaintiff also makes allegations concerning individuals not named as Defendants in this lawsuit, including Blake Alan Wilson, Ryan Burman, Lamont Buford, and Judge Steven Allen Wilson. Because Plaintiff has not sued these individuals, the Court does not construe the complaint as seeking to bring claims against these people.

### 2. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, each of whom are employees of WCRJ, are therefore actually against their employer, Warren County. *Kentucky v. Graham*, 473 U.S. at 166. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 69; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional

violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff has not alleged any policy or custom of Warren County that caused his alleged harm. Plaintiff's complaint appears to allege occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims of excessive force against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

**B.    State-law claims**

Finally, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, to the extent that Plaintiff raises any state-law claims, the Court, having dismissed all federal claims over which it has original jurisdiction, declines to exercise supplemental jurisdiction over them and will dismiss those claims without prejudice.

### IV.  CONCLUSION

For the reasons set forth herein, the Court will enter a separate Order dismissing the action.

Date:

cc:    Plaintiff, *pro se*
       Defendants
4413.010